UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IRMA SANTIAGO RIOS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HOSPITAL HIMA SAN PABLO FAJARDO,<br><br>    Defendant. | Civil No. 3:14-CV-01760 (JAF) |

## OPINION AND ORDER

### I.
### Introduction

This matter is before the court on Defendant Centro Médico del Turabo, Inc. d/b/a HIMA San Pablo-Fajardo's (hereinafter "HSPF") Motion for Summary Judgment (ECF No. 15) and Plaintiffs Irma Santiago-Ríos and Carlos Edgardo Ramírez-Santiago's (hereinafter "Plaintiffs") Motion for Leave to File a Second Amended Complaint (ECF No. 14). The parties have fully briefed each of the motions and the matters are ripe for review. For the following reasons, HSPF's Motion for Summary Judgment (ECF No. 15) is GRANTED, and Plaintiffs' Motion for Leave to File Second Amended Complaint is DENIED.

### II.
### Factual and Procedural Summary

The court will set forth only those facts sufficient to provide a background summary of Plaintiffs' claims, and will include additional facts, if and when needed, in the analysis below. On October 14, 2012, decedent Ramón Santiago-Ríos, a 78-year-old

man, was involved in an automobile accident at approximately 3:30 a.m. Mr. Santiago-Ríos was taken by ambulance to HSPF and arrived at 4:40 a.m. He was immediately examined by nurses in the Emergency Department for TRIAGE and was examined by a doctor by 4:45 a.m. Mr. Santiago-Ríos remained under the care of HSPF until his discharge at 2:40 p.m., with instructions for follow up.

Two days later, at 7:00 p.m. on October 16, 2012, Mr. Santiago-Ríos returned to HSPF by ambulance. He was again immediately received at the Emergency Department for TRIAGE. He remained under the care of HSPF until he passed away at 1:50 a.m. on October 17, 2012. The cause of death was complications from body trauma with duodenal ulcer and coronary artery disease as contributing factors.

On October 13, 2014, Plaintiffs filed suit against HSPF alleging improper screening and improper discharge of their relative under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395 dd (hereinafter "EMTALA") for the events that took place on October 14, 16, and 17, 2012.[1] Plaintiffs' claims are not inherited claims of the deceased Mr. Santiago-Ríos; instead, they seek $300,000 each for the emotional damages they sustained as a result of Mr. Santiago-Ríos' death.

## III.
## Summary Judgment Standard

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

---

[1] Plaintiffs amended their complaint on February 2, 2015 (ECF No. 10).

P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. *Calero–Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004).

The movant carries the burden of establishing that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The movant does not need to produce evidence to prove the absence of a genuine issue of material fact but may instead point to a lack of evidence supporting the nonmovant's case. *Id*. In evaluating a motion for summary judgment, we must view the record in the light most favorable to the nonmovant, and we must consider the entire record of admissible evidence. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150–51 (2000). "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Clifford v. Barnhart*, 449 F.3d 276, 280 (1st Cir. 2006) (internal quotation marks omitted). The non-movant "may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## IV.
## Law and Analysis

**A.     EMTALA**

Plaintiffs allege that HSPF violated EMTALA by providing an inadequate medical screening and improper discharge of decedent Mr. Santiago-Ríos, which led to his death two days later.

EMTALA requires hospital emergency rooms to conduct an "appropriate medical screening examination ... to determine whether or not an emergency medical condition ... exists." 42 U.S.C. § 1395dd(a). An "appropriate medical screening" under § 1395dd(a) is one "reasonably calculated to identify critical medical conditions that may be afflicting symptomatic patients and provides that level of screening uniformly." *Correa v. Hosp. San Francisco*, 69 F.3d 1184, 1192 (1st Cir. 1995). EMTALA, however, is not a cause of action for medical malpractice. *Id*. While either a refusal to screen or a policy that results in a disparate screening violates EMTALA, a flawed medical screening, standing alone, does not. *See id*. at 1192–93.

If a patient is found to have an emergency medical condition, a hospital must stabilize the condition prior to transfer, subject to certain exceptions. § 1395dd(b)-(c). An "emergency medical condition" is one that "manifest[s] itself by acute symptoms of sufficient severity ... such that the absence of immediate medical attention could reasonably be expected to result in—(i) placing the health of the individual ... in serious jeopardy, (ii) serious impairment to bodily functions, or (iii) serious dysfunction of any bodily organ or part." § 1395dd(e)(1)(A).

**B.   Standing**

Our first question is whether Plaintiffs, who are not the patient, have authority to pursue their own personal EMTALA claims against HSPF.  Section 1395dd(d)(2) states that: "[a]ny individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action obtain those damages available for personal injury under the law of the State in which the hospital is

located ….." HSPF argues that that the words "individual" and "direct", contained in the statute, denote that a claim under EMTALA belongs to the patient and may be pursued by the patient or the patient's heirs who inherit the patient's claim.

In *Correa*, the First Circuit stated that "EMTALA looks to state law, broadly defined to include Puerto Rico law, see 42 U.S.C. §§ 410(h), 1395x(x), anent the availability of damages." *Id*. at 1196. Section 1395dd(d)(2) states that "[a]ny individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located."

The issue here is whether the scope of the term "any individual" in section 1395dd(d)(2) authorizes relatives of a deceased patient to maintain their own private EMTALA cause of action. The court finds that the term "any individual" does not extend that far. Rather than referring to the availability of a cause of action under EMTALA, the language of section 1395dd(d)(2) refers to the availability of damages for a person with an EMTALA claim and refers to state law for the answer. As we have previously pointed out in *Malave Sastre v. Hospital Doctor's Center, Inc.,* "the legislative history of EMTALA confirms this narrower reading of the statute." 93 F.Supp.2d 105, 111 (D.P.R. 2000). The Senate Judiciary Committee stated that its intention was for EMTALA to authorize only two types of actions, to wit: those brought by a medical facility which received an improperly transferred patient and those brought by the individual patient suffering the harm. See H.R.Rep. 99–241, pt. 3, at 7(1985), *reprinted in* 1986

U.S.C.C.A.N. 726, 727. Therefore, the court reads the legislative intent as stating that only patients can have a cause of action in their own right under EMTALA.

Our reading of EMTALA is not inapposite with the First Circuit's previous holding in *Correa,* which recognized that the court "is equally open to read the law as permitting an individual who has a special relationship with another—say, a wife deprived of consortium or, as here a bereaved relative—to sue when she is harmed in direct consequence of an EMTALA violation inflicted upon another[.]" *Correa,* 69 F.3d at 1196. *Correa* did not address whether the relatives of a decedent have their own private cause of action under EMTALA. Instead, the scope of the holding in *Correa* is circumscribed to a situation where the heirs of a dead patient *inherit the decedent's* EMTALA cause of action, a principle recognized by Puerto Rico law. *Id.* (emphasis added); *see also Alvarez–Pumarejo v. Municipality of San Juan*, 972 F.Supp. 86, 87–88 (D.P.R. 1997) (citation omitted).

Because Plaintiffs brought claims only on their own behalf for the emotional damages suffered for the loss of their relative, Defendant HSPF is entitled to judgment as a matter of law.[2]

## V.
**Plaintiffs' Motion for Leave to File Second Amended Complaint**

Federal Rule of Civil Procedure 15(a), indicates that leave to amend a complaint "shall be freely given when justice so requires." Denial of a motion for leave to amend a

---

[2] Because this ruling dismisses Plaintiffs' Amended Complaint and ends the controversy, we need not rule on Defendant's second Motion for Summary Judgment at ECF No. 29, which addresses the merits of Plaintiffs' EMTALA action.

complaint is justified when such amendment would be futile. *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 59 (1st Cir.1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters."). The First Circuit explained the "yardstick by which futility is to be measured" in *Hatch v. Department for Children, Youth, and Their Families*:

> The appropriateness *vel non* of a district court decision denying a motion to amend on the ground of futility depends, in the first instance, on the posture of the case. If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) (explaining that, in such a posture, "a proposed amendment is futile only if it could not withstand a 12(b)(6) motion to dismiss"). If, however, leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record. *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994). In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence. *Id.*

274 F.3d 12, 19 (1st Cir. 2001). Here, Plaintiffs moved to further amend their complaint prior to the completion of discovery and six days prior to when HSPF moved for summary judgment. Accordingly, we must determine whether "the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." *Id*. (citation omitted).

The Proposed Second Amended Complaint again only sets forth claims of the Plaintiffs on their own behalf for the emotional damages suffered for the loss of their

relative. As discussed above, Plaintiffs do not have a cause of action under EMTALA. Because the Proposed Second Amended Complaint fails to identify any cognizable theory under which they would be entitled to relief against HSPF, Plaintiffs' Motion for Leave to File Second Amended Complaint is DENIED.

## VI.
## Conclusion

For the foregoing reasons, Defendant Hospital HIMA San Pablo-Fajardo's Motion for Summary Judgment (ECF No. 15) is GRANTED, Plaintiffs' Amended Complaint is DISMISSED. Plaintiffs Irma Santiago-Ríos and Carlos Edgardo Ramírez-Santiago's Motion for Leave to File Second Amended Complaint is DENIED. Judgment dismissing the Amended Complaint will follow.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of September, 2015.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE